UNITED STATES of America,
Plaintiff–Appellee

v.

Mario Mendoza MEDINA,
Defendant–Appellant.

No. 09–40833

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 20, 2010.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

UNITED STATES of America,
Plaintiff–Appellee

v.

Javier MONTOYA–RUBIO,
Defendant–Appellant.

No. 09–50733
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 20, 2010.

Marjorie A. Meyers, Federal Public Defender, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Mario Mendoza Medina was convicted by guilty plea for conspiracy to harbor aliens within the United States and was sentenced to 24 months of imprisonment and two years of supervised release. He appeals from that sentence and argues that the district court erred by applying U.S.S.G. § 2L1.1(b)(5)(B) for brandishing a dangerous weapon. He contends that there was no evidence that he personally brandished a weapon and that the adjustment cannot be applied through relevant conduct because the district court failed to make a separate finding as to the scope of his agreement in the conspiracy.

By adopting the presentence report ("PSR"), the district court made implicit findings based on the PSR's factual findings. *See United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir.1994). Therefore, the district court did not err by applying § 2L1.1(b)(5)(B) to Medina's sentence on the basis of relevant conduct. *See United States v. Williams*, 520 F.3d 414, 422 (5th Cir.2008).

Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.